UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                      Case No. 15-20531

v.

                                     HON. GEORGE CARAM STEEH

TIMOTHY FULGENZI,

    Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE SENTENCE (DOC. 33)

Defendant Timothy Fulgenzi filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, to which the government has responded. For the reasons explained below, Defendant's motion is denied.

BACKGROUND FACTS

From February through July 2015, Defendant engaged in a sexual relationship with the 15-year-old daughter of his girlfriend ("MV-1"). He convinced MV-1 to send sexually explicit images of herself to him. He also sent pictures of his genitals to her.

Once MV-1's family members learned of Defendant's conduct, they confronted him through text messages. Defendant then fled with MV-1. He stole a car in Northville, Michigan, and drove with MV-1 to Tennessee,

- 1 -

where he was eventually apprehended.

Defendant was charged with five counts: Count One, production of child pornography, 18 U.S.C. § 2251(a); Count Two, transfer of obscene matter to a minor, 18 U.S.C. § 1470; Count Three, transportation of a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a); Count Four, commission of a felony offense involving a minor by a registered sex offender, 18 U.S.C. § 2260A; and Count Five, interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312.

On October 31, 2016, Defendant pleaded guilty pursuant to a plea agreement to Counts One and Three. In exchange, the government agreed to dismiss Counts Two, Four, and Five. The parties agreed that the sentencing guidelines range was 300-365 months. The agreement provided that "the Court must impose a sentence of imprisonment on Count One (Production of Child Pornography) of **at least 25 years** (300 months) in prison. . . ." Doc. 26 at 5-6 (emphasis in original).

Defendant's attorney submitted a sentencing memorandum on April 10, 2017. At the April 17, 2017 sentencing hearing, the court accepted the plea agreement and sentenced Defendant to 300 months of imprisonment, the statutory mandatory minimum sentence for Count One. The judgment was entered April 18, 2017; Defendant did not appeal.

LAW AND ANALYSIS

Defendant filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging the he received ineffective assistance of counsel. To present an ineffective assistance of counsel claim under § 2255, Defendant must show that (1) his attorney's performance was seriously deficient and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show that counsel's performance was deficient, Defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 688. In applying this standard, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the prejudice requirement in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *See also Griffin v. United States,* 330 F.3d 733, 736-37 (6th Cir. 2003).

Defendant alleges that his counsel was ineffective because he did not advise him to "openly plead guilty." Defendant submits that "he could have

then, at sentencing, argued in favor of a sentencing departure/variance" based upon "expert psychiatric mitigation evidence." Doc. 33 at PageID 169. Defendant argues that his attorney should have retained a psychiatric expert regarding his abusive childhood.

It is unclear to the court what Defendant means by pleading guilty "openly." Defendant would not have benefitted by pleading guilty to all five counts of the superseding indictment without a plea agreement. Based upon the plea agreement, the government dismissed Counts Two, Four, and Five. The offense charged in Count Four (commission of a felony offense involving a minor by a registered sex offender) called for "a term of imprisonment of 10 years *in addition to* the imprisonment imposed for" the child pornography offense (Count One) to which Defendant pleaded guilty. 18 U.S.C. § 2260A (emphasis added). Section 2260A also makes clear that the additional 10 -year sentence for Count Four would be consecutive to the sentence imposed for Count One. By pleading guilty pursuant to the Rule 11 agreement, Defendant avoided an additional 10 years in prison.[1] His counsel's performance was not deficient in this regard.

In addition, Defendant has not shown that he was prejudiced, either

---

[1] To the extent Defendant suggests that he should have been allowed to plead guilty to Count Four instead of Count One, there is no evidence that such an option was presented by the government.

by pleading guilty pursuant to the agreement or by his counsel's failure to retain a psychiatric expert. As discussed above, the record reflects that Defendant benefitted, rather than was prejudiced, by the plea agreement. Moreover, Defendant has not alleged that he would have insisted on going to trial rather than pleading guilty. *See Hill*, 474 U.S. at 59.

The court notes that Defendant's attorney did reference his abusive childhood in a sentencing memorandum and that this information was included in the pre-sentence report. See Doc. 27. Had Defendant presented expert mitigation testimony, it would not have affected his sentence. Defendant received the statutory mandatory minimum sentence for Count One (production of child pornography): 300 months. *See* 18 U.S.C. § 2251(e). The court was not free to depart below this mandatory minimum. Accordingly, lack of expert testimony did not prejudice Defendant.

Defendant has not demonstrated that his counsel's performance was deficient or that his counsel's performance prejudiced his defense. Under the circumstances, an evidentiary hearing is not required. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citing *Fontaine v. United States*, 411 U.S. 213, 215 (1973) ("[E]videntiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled

to no relief.").

## CONCLUSION

IT IS HERBY ORDERED that Defendant's motion to vacate sentence (Doc. 33) is DENIED.

The court declines to issue a certificate of appealability, because Defendant has not "made a substantial showing of the denial of a constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated:  February 20, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 20, 2019, by electronic and/or ordinary mail and also on Timothy Fulgenzi #22953-075, FCI Milan, Federal Correctional Institution, P.O. Box 1000, Milan, MI  48160.

s/Barbara Radke
Deputy Clerk